■ LYNN MORDAS, Appellant, v SUSAN HOAG, Respondent. [731 NYS2d 612] —Order and judgment (one paper), Supreme Court, New York County (Bruce Allen, J.), entered February 28, 2000, which denied petitioner client's application to vacate or modify an arbitration award in favor of respondent attorney for services rendered in a matrimonial action, granted respondent's cross motion to confirm the award, and awarded respondent damages in the amount of the award, unanimously affirmed, without costs.

The record establishes that petitioner consented to the arbitration panel's jurisdiction after being clearly advised by the panel that the sole issue would be whether and to what extent attorney's fees were owed and that petitioner was free not to proceed with the arbitration if she chose not to do so. Petitioner's claim that the award is invalid because respondent failed to renew her New York biennial registration in the year prior to her representation of petitioner presents a legal issue beyond the scope of judicial review in this proceeding, and petitioner's claim that the award is invalid because respondent failed to maintain an office in New York throughout the period of the representation, as required by Judiciary Law § 470, also presents a factual issue beyond the scope of judicial review in this proceeding (see, Matter of New York State Nurses Assn.

*[Nyack Hosp.]*, 258 AD2d 303, *lv denied* 93 NY2d 810). We note case law holding that a failure to register does not deprive an attorney of a fee to which she would otherwise be entitled (*see, Benjamin v Koeppel*, 85 NY2d 549). We have considered and rejected petitioner's other arguments. Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Lerner, JJ.